NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—July, 1883.

## BICK v. MURPHY.

*In the matter of the estate of* MARGARET MORAN,
*deceased.*

Where a surety in the official bond of an administrator filed a petition, to be released from responsibility for future breaches of the condition thereof; and one of decedent's next of kin filed a petition praying that the administrator be compelled to give a new bond; both of

which petitions were made the basis of an order to show cause why
the respective prayers should not be granted, and why the co-surety
should not appear and justify, and why the administrator should not
be removed, etc.,—

*Held*, that the matters affected by the two petitions were regulated, respectively, by Code Civ. Pro., § 2600, and id., § 2597 ; that the proceedings under these sections could not be blended; and that, for a
violation of this rule, the applications in question must be dismissed.

PETITION by Henry Bick, one of the sureties in the
official bond of Andrew Murphy, administrator of decedent's estate, to be relieved from further liability.
Eliza Murphy, one of the next of kin also filed a petition as stated in the opinion.

JAMES M. LYDDY, *for surety*.

THE SURROGATE.—On the 8th of June last, Henry
Bick, one of the sureties upon the bond of the administrator of this estate, filed his petition asking to be
relieved from further liability. To this petition was
attached that of Eliza Murphy, one of the decedent's
next of kin, praying that the administrator be compelled to give a new bond. These two petitions were
together made the basis for an order to show cause why
Bick's co-surety should not appear before the court and
justify as to his sufficiency, and why the petitioning
surety should not be released, and why the administrator should not give a new bond, or in default thereof
be removed from his office, and why the petitioning
next of kin should not be thereafter granted letters of
administration.

Section 2597 of the Code of Civil Procedure establishes
the practice whereby any person interested in an estate
may take steps to compel an administrator to give a

new bond, or, in default thereof, be removed from office.

Section 2600 prescribes the procedure whereby a surety on a bond may procure his release from responsibility on account of a future breach. In the one case, the Code provides that the Surrogate shall issue a citation, if it appears that there is reason to believe the allegations of the petition are true ; in the other case, citation issues as of course. It is entirely irregular to combine these applications as they are combined in the present proceeding, which must therefore be dismissed.

The steps which have been taken by the respondent for substituting a new bond are also irregular, and all that has been done in that regard will be held for naught.